IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
CIVIL ACTION NO.: _____

| | |
|---|---|
| ATLANTIC TOWERS ASSN., INC.<br><br>Plaintiff,<br><br>v.<br><br>WESTERN WORLD INSURANCE COMPANY,<br><br>Defendant. | **WESTERN WORLD'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. § 1441(b) (DIVERSITY)** |

Defendant, Western World Insurance Company ("Western World"), hereby gives notice, pursuant to 28 U.S.C. §§ 1332, 1441(b), and 1446, that it has removed the above-captioned matter to the United States District Court for the Eastern District of North Carolina, Southern Division. A copy of this Notice is being filed with the Clerk of the Superior Court of New Hanover County, North Carolina, pursuant to 28 U.S.C. § 1446(b). In support of this Notice, Western World states the following:

**<u>PROCEDURAL HISTORY AND CASE BACKGROUND</u>**

1.      On or about August 3, 2022, Plaintiff, Atlantic Towers Assn., Inc. ("Atlantic Towers" or "Plaintiff") filed a legal complaint against Western World in the Superior Court of New Hanover County, North Carolina (the "Complaint" or "Plaintiff's Complaint"). The Complaint was assigned case no. 22-CVS-2693 (the "State Court Action"). On or about August 9, 2022, Plaintiff served Western World with a copy of the Complaint. *See Exhibit A, Plaintiff's Complaint.*

2.      In sum, Plaintiff's Complaint alleges that Western World issued an insurance policy to Plaintiff (the "Policy"); that such Policy provided certain insurance coverage to Plaintiff's property, a condominium complex located at 1615 South Lake Park

Boulevard in Carolina Beach, North Carolina (the "Property"); and that following Hurricane Isaias on August 3, 2020, which Plaintiff alleges caused damage to the Property, Plaintiff submitted an insurance claim to Western World that Western World did not pay. *See Complaint, ¶¶1-4, and 9-10. See also Exhibit B, a copy of the Policy.*

3.      Plaintiff's Complaint alleges a single cause of action for breach of contract against Western World. *Id., ¶18-19.*

4.      Plaintiff's Complaint alleges, in its Prayer for Relief, that Plaintiff seeks actual damages in excess of $25,000.00, as well as interest and attorney's fees. *Id. at p. 3, ¶¶1-3.*

5.      In accordance with the foregoing, including 28 U.S.C. §§ 1332(a)(1), 1446 (b)(3), and 1446(c)(1), Western World now removes this matter to this Court based upon diversity jurisdiction.

## JURISDICTIONAL BASIS UNDER 28 U.S.C. § 1332

6.      Under U.S.C. § 1332(a)(1), this Court has "original jurisdiction where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between ... citizens of different States ...." *Id.* Here, both criteria are met.

**I.      Complete Diversity of Citizenship Exists**

7.      According to the Complaint, Plaintiff Atlantic Towers is a resident of New Hanover County, North Carolina. *Id., ¶1.*

8.      Defendant Western World is a corporation organized and existing under the laws of the State of New Hampshire, with its principal place of business in Parsippany, New Jersey.

9.      Given that Plaintiff and Defendant are the only Parties to this Action and are

citizens of different States, complete diversity exists between the Parties.

## II.     The Amount in Controversy Exceeds $75,000.00

10.     As indicated above, the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

11.     Plaintiff's Complaint seeks "damages for more than $25,000.00 ...." *See id., ¶16.*

12.     During the Claim adjustment, Plaintiff presented an estimate for a) repairing the roof of the Property at a cost of $287,335.00 and in the alternative, b) for full replacement of the roof at the Property that totals $444,039.00. *See Highland Roofing Estimate, attached hereto as Exhibit C.*

13.     Plaintiff's Complaint alleges that Hurricane Isaias damaged the Property's roof to such an extent that necessitates its complete replacement, and that Plaintiff did replace the roof. *See Exhibit A, ¶¶13-14.*

14.     Here, without including attorneys' fees, Plaintiff's claimed damages exceed $287,335.00. Thus the "amount in controversy" requirement, like the "complete diversity" requirement, is clearly met.

## LEGAL ARGUMENT

15.     A party seeking removal to federal court has the burden of establishing federal subject matter jurisdiction exists. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citing *McNutt v. Gen. Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 183 (1936)).

16.     In cases where States do not permit a demand by a plaintiff for a specific sum, as in North Carolina, the amount in controversy can be achieved by reviewing the

claims alleged and evidence submitted by the parties, among other things. *See* 28 U.S.C. § 1446(c)(2)(B); *Francis v. Allstate Ins. Co.*, 709 F.3d 362, 367 (4th Cir. 2013); *ECR Software Corp. v. Zaldivar*, No. 5:12CV0039-RLV-DCK, 2013 WL 1742676, at *8 (W.D.N.C. Apr. 13, 2013).

17.     Plaintiff only pled damages in excess of $25,000.00 in its Complaint, presumably, pursuant to N.C. R. Civ. P 8(a)(1). Further, Plaintiff seeks the complete replacement of the Property's roof. *See Exhibit A, ¶¶13-14.* However, Western World submits, for the Court's consideration, the Highland Roofing Estimate seeking between $287,335.00 and $444,038.00 in insurance proceeds. *See Exhibit C.*

18.     Based on the Highland Roofing Estimate and attorneys' fees Plaintiff may seek to recover, the amount in controversy in this matter exceeds $75,000.00, exclusive of interest and costs, and this matter is between citizens of different states. Accordingly, this Honorable Court has jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441.

19.     Pursuant to 28 U.S.C. § 1441(a), this Court is the proper venue for removal because it is the district and division embracing the place where the originally filed State Action is pending. Defendant, though, does not waive its right to contest venue, including pursuant to 28 U.S.C. § 1404.

20.     Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for the Plaintiff and shall be contemporaneously filed with the Clerk's Office for the Superior Court of New Hanover County, North Carolina.

21.     A copy of the Notice of Removal to Opposing Counsel and the Notice of Filing the Notice of Removal, both of which shall be filed in the State Court action, are attached hereto as *Exhibits D* and *E*, respectively.

22.     This Notice of Removal is not a waiver of Western World's defenses, including but not limited to its right to contest venue, nor should it be understood or construed as a waiver of any defense Western World may have against any of the allegations in the Complaint, or as a general appearance or waiver of any defense based upon lack of jurisdiction or for failure to state a claim.

WHEREFORE, Defendant, Western World Insurance Company, requests that the above-captioned Action be removed from the Superior Court of New Hanover County, North Carolina, to the United States District Court for the Eastern District of North Carolina.

This the 8th day of September, 2022.

BUTLER WEIHMULLER KATZ CRAIG LLP


/s/ N. Khrystyne Rasmussen
L. Andrew Watson
NC Bar No. 41812
N. Khrystyne Rasmussen
NC Bar No. 55223
11605 N. Community House Road, Suite 150
Charlotte, NC 28277
Telephone: (704) 543-2321
Facsimile:   (704) 543-2324
Email: awatson@butler.legal
          ksmith@butler.legal
*Attorneys for Defendant Western World Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing **WESTERN WORLD'S NOTICE OF REMOVAL** by electronic filing, with the United States District Court for the Eastern District of North Carolina on the 8th day of September 2022, by using the CM/ECF system and by placing the same, postage paid, in the U.S. Mail and via email addressed to all parties or their counsel of record as follows:

Samuel B. Potter
Davis Hartman Wright, LLP
330 Military Cutoff Road, Suite A-2
Wilmington, NC 28405
sbp@dhwlegal.com
*Counsel for Plaintiff*


/s/ N. Khrystyne Rasmussen
N. Khrystyne Rasmussen